UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISINA

| | | |
|---|---|---|
| WAYLON THIBODAUX | * | DOCKET: |
| | * | |
| VERSUS | * | JUDGF: |
| | * | |
| AIR CANADA | * | MAGISTRATE: |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, Plaintiff, **Waylon Thibodaux**, a resident of the Parish of Livingston, State of Louisiana, who respectfully avers as follows:

1.

Named as Defendant herein is:

**Air Canada**, a foreign corporation domiciled in Montreal, Canada and authorized to do and doing business at the Louis Armstrong New Orleans International Airport, in the State of Louisiana.

2.

This suit is brought pursuant to 28 USC 1331 under the terms of the *Convention for Int'l Carriage by Air*, S. Treaty Doc. No. 106-45 (May 28, 1999) (the "Montreal Convention"), which is a treaty of the United States, reprinted in S. TREATY DOC. NO. 106–45 (2000), 1999 WL 33292734 (1999) (The Montreal Convention) and venue is proper as the incident involved herein involved roundtrip international travel by air between New Orleans, Louisiana and Halifax, Nova Scotia,

3.

Defendant is justly and truly indebted to Plaintiff for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and all costs of these proceedings, by reason of the following:

4.

Plaintiff booked roundtrip air carriage with Defendant, **Air Canada**, with an itinerary departing New Orleans on August 10, 2023 at 6:15 on Air Canada Flight 4819 with a layover at the Newark Liberty International Airport then continuing on Air Canada Flight 8660 to Halifax, Nova Scotia.

5.

Plaintiff's return trip via Air Canada departed Halifax, Nova Scotia on August 17, 2023 at 10:35 on Air Canada Flight 8659 with a layover at the Newark Liberty International Airport then continuing on Air Canada Flight 4818 to New Orleans.

6.

Plaintiff is a musician and was travelling with two custom made electric violins and bows; a guitar effects pedal; and a Shure guitar wireless transmitter that were packed in a Pelican Case. Unfortunately, this piece of luggage was delayed and did not make the August 17, 2023 trip from Halifax, Nova Scotia to Newark Liberty International Airport with Plaintiff.

7.

Plaintiff was notified by Defendant, **Air Canada**, of the delay and was informed be **Air Canada** that the luggage containing his musical equipment would be arriving at Newark Liberty International Airport the next day, August 18, 2023, and arranged for a friend to retrieve said luggage. However, when Plaintiff's representative attempted to claim the baggage the next day, the customer service representative said the luggage was not there, and the luggage never appeared at the Air Canada baggage claim office at Newark Liberty International Airport.

8.

Plaintiff notified Defendant, **Air Canada**, of the lost luggage and asked that he be properly compensated, but Air Canada has failed to take further action.

9.

At all material times herein, Defendant, **Air Canada**, knew that Plaintiff's luggage had not been sent with him on his flight to Newark Liberty International Airport and that Plaintiff would not be present to claim his luggage. Defendant, **Air Canada**, through its servants and/or agents, then failed to properly track Plaintiff's delayed luggage when it eventually arrived at Newark Liberty International Airport and keep the delayed luggage safe and secure until claimed by Plaintiff's designated representative. Said acts and/or omissions constitute reckless conduct and were committed in such a manner that Defendant, and its servants and/or agents, knew or should have known that the luggage would probably be lost, such that the limitations on damages provided by the Montreal Convention do not apply.

10.

As a result of Defendant, **Air Canada's**, mishandling of Plaintiff's luggage, said luggage was lost, entitling Plaintiff to damages for the full value of the lost luggage and its contents pursuant to the terms of the Montreal Convention.

**WHEREFORE**, Plaintiff, **Waylon Thibodaux**, prays that Defendant, **Air Canada,** be served with this Petition for Damages, and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiff, **Waylon Thibodaux**, and against Defendant, **Air Canada,** for all damages that are reasonable in the premises, together with legal interest, plus allowable attorney fees, and all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances.

Respectfully submitted:

_____
**CHARLES C. BOURQUE, JR. (#20118)**
**cbourque@stmblaw.com**
**JOSEPH G. JEVIC, III (#23145)**
**jjevic@stmblaw.com**
**ST. MARTIN & BOURQUE**
315 Barrow St.
Houma, Louisiana 70361-2017
Telephone: (985) 876-3891
Facsimile: (985) 851-2219

and

**THE STARK LAW FIRM**
**WILIAM A. STARK (#12406)**
**275 Gabasse Street**
**P.O. Box 430**
**Houma, Louisiana 70361**
**Telephone: (985) 223-3213**
**billy@williamstark.com**

**Please serve:**

**Air Canada**
Pursuant to the Hague Convention:
AIR CANADA CENTRE
7373 Côte-Vertu Boulevard West
Saint-Laurent, Québec H4S 1Z3

4